UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID E. DEWBERRY

       Plaintiff,                      Case No. 04-74620

vs.                                        HONORABLE DENISE PAGE HOOD
                                             HONORABLE STEVEN D. PEPE

CITY OF DETROIT STREET MAINTENANCE,
       Defendant.
_____/

REPORT AND RECOMMENDATION
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT (#9)

On January 4, 2005, Plaintiff, *pro se*, filed a complaint alleging that he was discriminated against by Defendant, an unnamed doctor, and an unnamed lawyer. Defendant filed a motion for summary judgement on March 15, 2005. The motion was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff did not respond.

I.     BACKGROUND

Plaintiff's three page, handwritten complaint reviews his employment history, and explains his deteriorating health. Despite his ailments, he states that he was put "right back outside" by his employer (presumably Defendant). The doctor, who Plaintiff never names, said Plaintiff had bronchitis. Plaintiff injured his right foot in October 1997. His doctor said he was fine, but he was still having problems with it. His employer "put [him] right back on [his] same job." Plaintiff protested, but was told that there were no other jobs for him. He wanted to see another doctor, but the foreman and supervisor would not approve. Then the employer tried to

1

dismiss him. Plaintiff applied for disability, but was told he was not disabled although he did not receive a hearing. He found a lawyer (also unnamed) to help him file a case, but the lawyer did not help him pursue the case. Plaintiff claims that he is being discriminated against by the employer, doctor, and lawyer. In the civil cover sheet, Plaintiff indicated that this is a case involving a federal question, and that it is a personal injury case, specifically medical malpractice. He lists his cause of action as "the way I was treated, due to my injury."

Defendant's motion for summary judgment asserts that this Court lacks subject matter jurisdiction, and that Plaintiff failed to state a claim upon which relief can be granted.

II.   ANALYSIS

While Defendant's motion is titled a motion for summary judgment, Defendant primarily seeks dismissal under Fed. R. Civ 12(b)(2) and 12(b)(6).

   A.   Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations as true and construe them in the light most favorable to plaintiff. *See Zinermon v. Burch,* 494 U.S. 113, 117 (1990); *see also Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Moreover, *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). It is also well-established, however, that conclusory, unsupported allegations of constitutional deprivation do not state a claim.[1]

---

[1]*See, e.g., Ana Leon T. v. Federal Reserve Bank,* 823 F.2d 928, 930 (6th Cir.)("[T]he allegations must be more than mere conclusions, or they will not be sufficient to state a civil rights claim."),

A court may decide a motion to dismiss only on the basis of the pleadings. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993). Dismissal is appropriate if the complaint fails to set forth an allegation of a required element of a claim. *See Craighead v. E.F. Hutton & Co.*, 899 F.3d 485, 489-90 (6th Cir. 1990). The court may treat the motion to dismiss as one for summary judgment, however, if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(b).

    B.    <u>Jurisdiction- Rule 12(b)(2)</u>

As Defendant points out, Plaintiff does not cite which state or federal laws were supposedly violated. Even when read in the light most favorable to Plaintiff he does not indicate any basis for this federal court to exercise jurisdiction. While his cover sheet states that this is a federal question case, the complaint does not indicate what this federal question is. Plaintiff's possible employment or medical malpractice claim are not federal questions and this is not

---

*cert. denied,* 484 U.S. 945 (1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)("It is not enough for a complaint … to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."); *Smith v. Rose,* 760 F.2d 102, 106 (6th Cir. 1985)(Conclusory, unsupported allegations insufficient to state a claim); *Keniston v. Roberts,* 717 F.2d 1295, 1300 (9th Cir. 1983)(dismissal of complaint appropriate if allegations of constitutional deprivation are "mere conclusions"); *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981)("[T]his court has consistently demanded that a civil rights complaint contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs."); *Place v. Shepherd,* 446 F.2d 1239, 1244 (6th Cir. 1971)("A pleading will not be sufficient to state a cause of action under the Civil Rights Act if its allegations are but conclusions."); *Borenstein v. City of Philadelphia*, 595 F. Supp. 853, 856 (E.D. Pa. 1984)("[C]ivil rights complaints must be pleaded with specificity and may not merely make conclusory allegations of constitutional deprivations or the existence of municipal policies."); *Egan v. Concini,* 585 F. Supp. 801, 803 (M.D. Pa. 1984)(factual specificity required in order to enable court to evaluate substance of claim).

diversity jurisdiction.[2] He alleges discrimination, but does not state any facts indicating federal civil rights discrimination.

Even if we assume that Plaintiff's complaint arises out of Title VII, federal courts lack subject matter jurisdiction in such discrimination cases unless and until the prospective plaintiff exhausts his administrative remedies through the Equal Employment Opportunity Commission (EEOC) complaint process. *See Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 254 (6th Cir. 1998) ("Federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge."); *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir.1992). Plaintiff has made no showing that he has done this.

D.      Failure to State a Claim- Rule 12(b)(6)

Under both Title VII of the Civil Rights Act and § 501 of the Rehabilitation Act, Plaintiff has failed to state a claim. To establish a *prima facie* case of discrimination under Title VII, Plaintiff must show that (1) he is a member of a protected group, (2) he was subject to an adverse employment decision, (3) he was qualified for the position, and (4) he was replaced by a person outside of the protected class. *Carter v. University of Toledo*, 349 F.3d 269 (6th Cir. 2003). A prima facie case of disability discrimination under the Rehabilitation Act requires showing that (1) he is a disabled person within the meaning of the Act, (2) he is otherwise qualified for the job, and (3) he was discriminated against because of his disability. *Vidacak v. Potter,* 81 Fed. Appx. 721 (6th Cir. 2003).

---

[2] Diversity of citizenship is not alleged; both Plaintiff and Defendant are residents of Michigan, and Plaintiff's complaint does not imply that the amount in controversy is at least seventy-five thousand dollars.

Plaintiff has not stated facts indicating that he meets any of the factors above under these theories, nor does he posit his own legal theory.  Complaints must be construed in the light most favorable to the non-moving party and the Court must accept all factual allegations as true to determine whether Plaintiff can prove a set of facts in support of the claims warranting relief. *Vector Research, Inc. v. Howard & Howard Attorneys P.C.,* 76 F.3d 692, 697 (6th Cir.1996).  Under the liberal federal pleading standard, Plaintiff must only give Defendant fair notice of his claims and the grounds upon which they rest.  *Id.*  Yet courts "are not bound by allegations that are clearly unsupported and unsupportable." *Place v. Shepherd,* 446 F.2d 1239, 1244 (6th Cir. 1971).  *See also Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003) (stating that while the standard for dismissals under Rule 12(b)(6) is liberal, a complaint must contain either direct or inferential allegations regarding all the material elements, which must be more than bare assertions of legal conclusions); *Spadafore v. Gardner,* 330 F.3d 849 (6th Cir. 2003) (stating that the complaint must contain more than a bare averment that the Plaintiff "wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a right of action." (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1216, at 163 (2d ed.1990)); *Russell v. Tennessee Dept. of Correction,* No. 03-6217, 2004 WL 834741 (6th Cir. April 16, 2004) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.") (unpublished, citations omitted).

Plaintiff's claims lack this factual basis.  The complaint provides only the most general averment of wrongdoing, and does not state specifically what right was violated, when, where,

5

how, and by whom. Thus Plaintiff has also failed to state a claim upon which relief can be granted.

III.    RECOMMENDATION

Accordingly, IT IS RECOMMENDED that Defendants' motion for summary judgment be GRANTED and this action be DISMISSED because this Court lacks subject matter jurisdiction and Plaintiff failed to state a claim upon which relief may be granted.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 29, 2005                           S/ STEVEN D. PEPE
Ann Arbor, Michigan                             UNITED STATES MAGISTRATE JUDGE

Certificate of Service

      I hereby certify that on April 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the following non-ECF participant(s): David Dewberry and Andrew Jarvis.

      s/William J. Barkholz
      Courtroom Deputy Clerk